# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| BRYCE COURTNEY,<br>    Appellant, | DOCKET NUMBER<br>AT-0752-13-0755-I-1 |
| v. | |
| DEPARTMENT OF<br>    TRANSPORTATION,<br>    Agency. | DATE: September 15, 2014 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Bryce Courtney, Orlando, Florida, pro se.

Nicole L. Jackson, Atlanta, Georgia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1    The appellant has filed a petition for review of the initial decision, which dismissed his appeal as untimely filed by over 1 year and 9 months without a showing of good cause for the delay. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact;

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 Effective August 14, 2011, the appellant was demoted from the position of Operations Manager to the position of Front Line Manager. Initial Appeal File (IAF), Tab 1 at 17, 19-22. The appellant filed an appeal on July 2, 2013. *Id.* at 1-6. In a timeliness order, the administrative judge informed the appellant that his appeal may have been untimely filed and ordered him to submit evidence and argument on the timeliness issue. IAF, Tab 5 at 1-5. The appellant filed a response addressing each of the six factors cited in the timeliness order that the Board would consider in determining whether the appellant established good cause for the delay in filing. IAF, Tab 6 at 1-3; *see* IAF, Tab 5 at 3. In an initial decision issued without holding the requested hearing, the administrative judge dismissed the appeal for being untimely filed without good cause shown. IAF, Tab 7, Initial Decision (ID) at 1-4.

¶3 The appellant has filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1. The agency has filed a response to the petition for review. PFR File, Tab 3.

¶4  The appellant bears the burden of proof regarding timeliness, which must be established by a preponderance of the evidence. *Smith v. Office of Personnel Management*, 117 M.S.P.R. 527, ¶ 5 (2012); 5 C.F.R. § 1201.56(a)(2)(ii). A preponderance of the evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. *Smith*, 117 M.S.P.R. 527, ¶ 5; 5 C.F.R. § 1201.56(c)(2). With exceptions not applicable here, an appeal must be filed no later than 30 days after the effective date, if any, of the action being appealed, or 30 days after the date of the appellant's receipt of the agency's decision, whichever is later. *See Smith*, 117 M.S.P.R. 527, ¶ 5; 5 C.F.R. § 1201.22(b)(1). The appellant acknowledged receiving the agency's final decision on August 12, 2011, concerning his demotion effective August 14, 2011. IAF, Tab 1 at 19-22. Thus, when the appellant filed his appeal on July 2, 2013, it was over 1 year and 9 months past the September 13, 2011 filing deadline. *Id.* at 1-6.

¶5  The Board may waive the time limit for filing an appeal if the appellant has shown good cause for the delay. *Smith*, 117 M.S.P.R. 527, ¶ 6; 5 C.F.R. § 1201.22(c). To establish good cause for the untimely filing of an appeal, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his appeal. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶6     The appellant has not demonstrated good cause for his untimely filing. Although the appellant's pro se status is a factor weighing in his favor, it is insufficient to excuse his untimeliness. *See Allen v. Office of Personnel Management*, 97 M.S.P.R. 665, ¶ 8 (2004). His 1-year and 9-month delay in filing an initial appeal is significant. *See Johnson v. Department of Health & Human Services*, 98 M.S.P.R. 1, ¶ 6 (2004) (finding a more than 2-year delay in filing a petition for review significant). He has presented no evidence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune that prevented him from timely filing his Board appeal. Furthermore, the appellant has not argued that he was unaware of or otherwise confused about the filing deadline. Indeed, he asserted below that he intentionally waited to file his initial appeal past the filing deadline until his Official Personnel File (OPF) was clean of any record of his demotion. IAF, Tab 6 at 1-3.

¶7     Although the appellant may have mistakenly believed that waiting for his demotion to be removed from his OPF before filing an appeal would constitute good cause for any delay, his inexperience with legal matters and unfamiliarity with Board procedures do not warrant waiving the filing deadline under the circumstances. *See Wallace v. Department of Veterans Affairs*, 81 M.S.P.R. 88, ¶ 5, *aff'd*, 217 F.3d 856 (Fed. Cir. 1999) (Table). The appellant alleged below that he and the agency's Human Resources Specialist met together shortly after his demotion and discussed the appellant's Board appeal rights and the fact that his OPF would be clean in 2 years. IAF, Tab 6 at 1-2. The appellant alleged that the Human Resources Specialist said to him, "You seem like a smart guy, you have gone this far in your career without a blemish on your record, and yours will be clean in two years." *Id.* at 1. These assertions, taken as true, do not establish that the appellant relied on misleading or erroneous advice from the Human Resources Specialist in deciding to delay his filing. *See id.* at 1-2. The appellant received clear notice of his Board appeal rights in the decision letter, including

the time limits for filing an appeal.  IAF, Tab 1 at 20-21; *cf. Boyd v. Department of Veterans Affairs*, 111 M.S.P.R. 116, ¶¶ 10-11 (2009) (the pro se appellant showed good cause for a 1-day filing delay where the agency's decision letter did not give adequate notice of the time limit for filing a Board appeal). Additionally, a general inability to understand instructions and procedures does not provide a basis for a waiver of the time limits for filing an appeal.  *See Caldwell v. Department of the Interior*, 58 M.S.P.R. 54, 57 (1993).  Thus, we agree with the administrative judge that the appellant did not establish good cause for his untimely filing.

¶8        In his petition for review, the appellant reiterates his argument from below that he delayed filing an appeal because he feared he would be fired or retaliated against for filing an appeal.  PFR File, Tab 1 at 1-5; *see* IAF, Tab 6 at 2-3.  The appellant's fear of reprisal is speculative and an unreasonable excuse that does not constitute good cause for his filing delay.  The appellant also asserts on review that the administrative judge erroneously stated in the initial decision that the appellant delayed filing his appeal because he was waiting for a previous violation to be removed from his OPF.  PFR File, Tab 1 at 1; *see* ID at 3.  The appellant clarifies that there was no previous violation and he was waiting for his demotion to be removed from his OPF before filing an appeal.  PFR File, Tab 1 at 1.  An alleged factual error must be material, meaning of sufficient weight to warrant an outcome different from that of the initial decision.  5 C.F.R. § 1201.115(a)(1).  Because the alleged error is not dispositive on the timeliness issue, it is not material and we need not consider it further.  Although the appellant addresses on review the merits of his demotion appeal, PFR File, Tab 1 at 2-5, his arguments on the merits are irrelevant to the timeliness issue, *see, e.g.*, *Johnson*, 98 M.S.P.R. 1, ¶ 6.  Therefore, the appellant failed to provide a reason to disturb the administrative judge's decision to dismiss the appeal as untimely filed with no showing of good cause for the delay.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.